**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BRENDA ROXANA CALDERON-
CALDERON,

           Petitioner,

   v.

MARKWAYNE MULLIN, *et al.*,

           Respondents.

Civil Action No. 26-2774 (ZNQ)

**MEMORANDUM OPINION**

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Brenda Roxana Calderon-Calderon's habeas petition (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2) challenging her ongoing immigration detention. Following an order to show cause, the Government filed a response to the petition (ECF No. 6), to which Petitioner replied. (ECF No. 8.) Petitioner filed a letter update on June 22, 2026. (ECF No. 12.) The Government responded on July 1, 2026. For the following reasons, the petition will be granted, and Petitioner's release will be ordered.

Petitioner is a native and citizen of Guatemala. She was arrested with her one-year-old daughter in July 2016 when they attempted to enter without inspection in El Paso, Texas. (ECF No. 1 ¶¶ 2–3.) Petitioner was a minor at the time of her arrest.[1] (*Id.*; ECF No. 6 at 2.) She was therefore classified as an unaccompanied child, and she and her daughter were placed in the custody of the Department of Health and Human Services, Office of Refugee Resettlement. (*Id.* ¶ 4.) They were held in a shelter for minors in Texas for six months. (*Id.* ¶ 5.) They were

---

[1] Petitioner asserts she was thirteen years-old at the time she was detained. The Government asserts she was seventeen.

ultimately released to a family friend in New Jersey.  (*Id.* ¶ 7.)  She has resided in this state since that time.  (*Id.*)

On approximately March 13, 2026, Petitioner was taken into custody by police in Freehold, NJ as a result of an argument between her and her daughter's father.  (*Id.* ¶ 10.)  She was charged with aggravated assault – domestic violence and later transferred to ICE custody.  (ECF No. 6 at 1–2; Exhibit A at 3.)  She has remained in custody since that time.

In response to the Petition and in light of her criminal charges, the Government initially asserted Petitioner was subject to detention under both 8 U.S.C. §§ 1225(b)(2) and 1226.  (ECF No. 6 at 1–2.)  In its most recent letter, however, the Government withdrew its reliance on § 1226, because the aggravated assault charge against Petitioner has since been dismissed.[2]  (ECF No. 14.)  Accordingly, the Government's sole asserted basis for detaining Petitioner is § 1225(b)(2).  (*Id.*)

The Government recognizes that its position "relies on the same statutory-interpretation arguments," (ECF No. 6 at 4), this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner clearly falls into this category because she is an alien who entered the United States without admission or inspection in and thereafter remained at liberty in the United States for several years prior to being taken into custody, she may not be held under 8 U.S.C. § 1225(b)(2).  *See, e.g., Valerio*, 2025 WL 3251445, at *3.  Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful.  *Id*.  Petitioner's habeas petition shall therefore be granted.

---

[2] Plaintiff has pled guilty to criminal trespass, a misdemeanor.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which she would have been entitled had she been taken into custody under 8 U.S.C. § 1226(a).  *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk nor danger).  Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility.  As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules.  This is especially so in light of the Government's . . . continued employment of an oft rejected legal position.  *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately.  An order consistent with this Memorandum Opinion will be entered.

Date: July 2, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
